UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAMAIRO TUBBS-SMITH,

        Defendant.

_____/

Case No. 18-20310

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [22]; DENYING AS MOOT DEFENDANT'S MOTION REGARDING NON-COMPLIANCE WITH ADMINISTRATIVE ORDER NO. 03-AO-027 [23]**

Before the Court is Defendant Damairo Tubbs-Smith's Motion to Suppress Evidence and Request for Evidentiary Hearing [22] and Motion Regarding Non-Compliance with Administrative Order No. 03-AO-027 [23] filed on September 6, 2018. The Government filed responses [25, 26] on September 28, 2018. On November 27, 2018, the Court denied Tubbs-Smith's request for an evidentiary hearing and ordered him to file a supplemental brief. [Dkt. #32]. Tubbs-Smith filed a Reply [33] on December 7, 2018. The Government filed a Response [34] on December 14, 2018.

For the reasons stated below, Tubbs-Smith's Motion to Suppress [22] is **DENIED** and his Motion for Compliance [23] is **DENIED as moot**.

## FACTUAL BACKGROUND

On February 21, 2018 at 11:00 PM, Sherriff Deputy Brian Webb of the Washtenaw County Police Department conducted a traffic stop on a red Honda traveling north on Huron Street near the I-94 interstate ramp. Just before Deputy Webb stopped the Honda, he observed the vehicle pass oncoming traffic with its high beams on. The Honda, driven by Tubbs-Smith, pulled over upon seeing the police vehicle. Tubbs-Smith was accompanied by a male passenger. Deputy Webb approached the driver-side of the vehicle and immediately told Tubbs-Smith that he had pulled him over for driving with his high beams on. Tubbs-Smith quickly apologized and turned off his high beams. Upon Deputy Webb's request, Tubbs-Smith gave Webb his driver's license and registration, indicating that the Honda belonged to his step-father.

Deputy Webb ran a routine license check on Tubbs-Smith and discovered that he had an outstanding felony warrant for a Michigan State Police case. Deputy Webb asked Tubbs-Smith to get out of the car and proceeded to handcuff him. He was assisted by a second officer on the scene. Deputy Webb told Tubbs-Smith that he was under arrest for the warrant. Deputy Webb patted down Tubbs-Smith, reached into his pockets, and found crack cocaine and over $1,000 in cash on his person. Throughout the search of his person, and while Tubbs-Smith was in handcuffs,

Deputy Webb repeatedly asked him questions like, "what's in here, be honest" and "what am I going to find in your pockets, just some dope?"[1]

Deputy Webb put Tubbs-Smith in the back of his police cruiser. Another officer secured the passenger of the Honda in handcuffs and put him in the back of a second police cruiser. The officers searched the vehicle and found sandwich bags, baking soda, a crack pipe, and other drug paraphernalia.

On May 8, 2018, the Government charged Tubbs-Smith with two counts of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841. Tubbs-Smith filed this Motion to Suppress [22] on September 6, 2018. In its Response [25], the Government attached dash and body camera footage of the encounter.

## ANALYSIS

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV. "An ordinary traffic stop by a police officer is a 'seizure' within the meaning of the Fourth Amendment." *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) (citing *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)). "The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S.

---

[1] The Court pauses to note that Deputy Webb did not give *Miranda* warnings prior to asking Tubbs-Smith several questions while he was handcuffed at the scene. Introduction at trial of these statements—derived from Tubbs-Smith's custodial interrogation—would violate his Fifth Amendment privilege against self-incrimination. *See Miranda v. Arizona*, 384 U.S. 436, 467 (1966).

806, 810 (1996) (internal citations omitted). The exclusionary rule requires suppression of evidence seized during or following an illegal stop. *United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012) (citing *Blair*, 524 F.3d at 748).

The Government submits that Deputy Webb had probable cause to believe that Tubbs-Smith had violated the Michigan Vehicle Code. Section 257.700(b) of the Code provides: "Whenever the driver of a vehicle approaches an oncoming vehicle within 500 feet, such driver shall use a distribution of light or composite beam so aimed that the glaring rays are not projected into the eyes of the oncoming driver."

Tubbs-Smith argues that the stop of his vehicle was unlawful because he did not commit a ticketable offense by driving with his high beams. Tubbs-Smith submits that the brief use of his high beams, alone, did not give Deputy Webb probable cause to stop his vehicle under the Michigan Vehicle Code.

According to Tubbs-Smith, to establish probable cause for the stop, the Government must show that the glare from the high beams was "intensely and blindingly" shining at an oncoming vehicle. *See Guilford v. Frost*, 269 F. Supp. 3d 816, 827 (W.D. Mich. 2017) (holding that "an officer in Michigan may not effect a stop solely for a mere flash pursuant to § 257.700(b), absent any truly 'glaring rays' shining into his or her eyes[.]"). Tubbs-Smith maintains that because his high beams

were weak and did not impair oncoming traffic, the Government cannot rely on §
257.700 to justify the stop.

Tubbs-Smith's argument is unavailing. As an initial matter, upon considering
Tenn. Code § 55-9-407—a Tennessee statute nearly identical to § 257.700—the
Sixth Circuit held that a traffic stop of the defendant's vehicle for use of his high
beams was valid because the officer had probable cause to believe that the
defendant's conduct had violated Tennessee's motor vehicle law. *United States v.
Ross*, 91 F. App'x 482, 483 (6th Cir. 2004). In affirming the district court's denial
of the defendant's suppression motion, the Sixth Circuit did not require the
Government to prove that the high beams' "glaring rays" were "directed into the
eyes of the oncoming driver" to justify the stop under § 55-9-407. *See id.*

Nonetheless, even if the Court were to construe § 257.700 as requiring the
officer to observe an "intense and blinding" glare in order to effectuate a stop
pursuant the Section, Tubbs-Smith's argument would still fail. This is because it was
objectively reasonable for an officer in Deputy Webb's position to believe that
Tubbs-Smith's use of his high beams, while driving on a road with oncoming traffic
within 500 feet, was a violation of Michigan law. *See Heien v. North Carolina*, 135
S. Ct. 530, 540 (U.S. 2014). "[B]ecause the mistake of law was reasonable, there
was reasonable suspicion justifying the stop." *Id.* As such, suppression of the
evidence seized after the stop is unwarranted.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress [22] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion Regarding Non-Compliance with Administrative Order No. 03-AO-027 [23] is **DENIED as moot**.[2]

**SO ORDERED**.


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: December 20, 2018                Senior United States District Judge

---

[2] In his Motion [23], Tubbs-Smith asks this Court to order the Government to provide him with information on whether Deputy Webb has previously testified falsely under oath. Tubbs-Smith requested this information in preparation for a hearing on his Motion to Suppress [22], at which he expected to cross-examine Deputy Webb. Having ruled that an evidentiary hearing is unnecessary, *see* Dkt. #32, this Court finds that Tubbs-Smith's request is moot.