UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMARIO DAVON TUBBS-SMITH,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

Criminal Case No. 18-20310

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER GRANTING PETITIONER'S MOTION FOR RELEASE FROM CUSTODY [57]**

On May 22, 2020, Damario Davon Tubbs-Smith filed a Motion for Release from Custody [57] asking this Court for his immediate compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) from Federal Correctional Institution ("FCI") Elkton due to the COVID-19 pandemic. (ECF No. 57). The Government filed a Response [60] on June 4, 2020 and Petitioner filed a Reply [61] on June 9, 2020. The Court held a hearing on the motion on June 11, 2020. Afterwards, the Court ordered the parties to provide supplemental information. (ECF No. 62). Petitioner and the Government filed Supplemental Briefs [63] [64] on June 25 & 26, 2020 respectively. The Court held a follow-up hearing on June 29, 2020. For the reasons stated below, and on the record, the Court **GRANTS** Tubbs-Smith's Motion for Release from Custody [57].

Page **1** of **9**

## FACTUAL BACKGROUND

On May 8, 2019, the Court sentenced Mr. Tubbs-Smith to a mandatory minimum of 120 months (10 years) of imprisonment for two counts Possession with Intent to Distribute Controlled Substances (Cocaine) & (Crack Cocaine) in violation of 21 U.S.C. §841(a). (ECF No. 46). He is currently incarcerated at Federal Correctional Institution (FCI) Elkton in Ohio. Tubbs-Smith began his sentence on June 21, 2019; his projected release date is October 30, 2026. In June 2019, Tubbs-Smith was convicted of another drug offense in Washtenaw County and sentenced to 3-20 years. (ECF No. 63-3, PageID. 416; PSR ¶ 41). Accordingly, the Michigan Department of Corrections (MDOC) has a detainer on him and will take him into custody upon his release from the custody of the Bureau of Prisons (BOP). (*Id.*)

Mr. Tubbs-Smith is 31 years old. He claims he suffers from a serious heart condition which caused him to have a major heart attack four years ago at the age of 27. (ECF No. 61-2). He currently has two stents in his heart and is taking several heart medications. (*Id.*). He additionally suffers from decreased kidney functioning and pulmonary hypertension. (*Id.*). Due to his heart condition, FCI Elkton placed Petitioner on a list of vulnerable inmates as part of a class action lawsuit against the prison regarding conditions during the pandemic. *See Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882, at *1 (N.D. Ohio Apr. 22, 2020), *enforcement granted*, No. 4:20-CV-00794, 2020 WL 2542131 (N.D. Ohio May 19, 2020), and

*vacated*, 961 F.3d 829 (6th Cir. 2020). On May 4, 2020, Tubbs-Smith asked for compassionate release from his warden. It was denied on May 7, 2020. (ECF No. 63-2, PageID. 415).

## ANALYSIS

The compassionate release statute states the following in relevant part.

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> **(i)** extraordinary and compelling reasons warrant such a reduction.

18 U.S.C.A. § 3582.

Because 30 days has lapsed since the warden's receipt and denial of Tubbs-Smith's request for compassionate release, there is no dispute that Tubbs-Smith has exhausted his administrative remedies. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694 (6th Cir. June 2, 2020). The Court thus has three questions to answer: first, whether extraordinary and compelling reasons warrant a reduction in sentence, second, whether Tubbs-Smith poses a danger to the community, and third, whether

a sentence reduction is consistent with the § 3553(a) factors. *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *4 (E.D. Mich. May 7, 2020).

1. <u>Extraordinary and Compelling Reasons for Release</u>

In order to determine if extraordinary and compelling reasons exist to release Tubbs-Smith, the Court must determine if a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement recites the following:

> **1. Extraordinary and Compelling Reasons.--**Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> **(A) Medical Condition of the Defendant.--**
> **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(ii)** The defendant is--
>> **(I)** suffering from a serious physical or medical condition,
>> **(II)** suffering from a serious functional or cognitive impairment, or
>> **(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover
>> [. . .]
>
> **(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13

Here, Tubbs-Smith has presented "Other Reasons" in combination with his serious medical conditions, to warrant compassionate release. While the COVID-19 pandemic is devastating in every region it invades, prison populations are subject to heightened vulnerability. *See, e.g.*, Danielle Ivory, *"We Are Not a Hospital": A Prison Braces for the Coronavirus*, N.Y. Times (March 17, 2020), https://www.nytimes.com/2020/03/17/us/coronavirus-prisons-jails.html (citing densely populated living conditions, shortage of masks, soap, and hand sanitizer, and the inability to routinely disinfect surfaces and maintain safe distances between inmates and guards as reasons prisoners are at increased risk of infection); *See, e.g.*, Courtney Bublé, *Federal Prisons Pose 'Imminent Danger' in Spreading COVID-19, Union Says*, Government Executive (April 6, 2020), https://www.govexec.com/oversight/2020/04/federal-prisons-pose-imminent-danger-spreading-covid-19-union-says/164390/ (detailing a prison workers' union complaint to OSHA complaining of "imminent danger" due to the BOP's failure to follow national safety guidelines).

Furthermore, the persuasive precedent for granting compassionate release under the current circumstances is overwhelming. *United States v Andre Williams*, Case No. 04-cr-95/MCR, at *7 (N.D. Fla. April 1, 2020) ("[A]n outbreak of COVID-19 in Williams' facility would likely have fatal consequences for him. Based on these facts, the Court finds that Williams' deterioration in physical health is

sufficiently serious to satisfy the medical criteria for a reduction in sentence."); *see also United States v. Teresa Ann Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *3 (E.D. Wash. Mar. 31, 2020); *United States v. Campagna*, No. 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020); *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020), at *2.

Tubbs-Smith argues that his underlying conditions warrants similar treatment. Specifically, he seeks release due to his severe heart condition, decreased kidney functioning and pulmonary hypertension. All three of his conditions are high risk factors for serious illness from COVID-19. *People of any age with certain Medical Conditions, Centers for Disease Control and Prevention,* CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-highim-risk.html (last visited July 1, 2020). Furthermore, FCI Elkton's COVID-19 cases have been consistently high since the start of the outbreak. With a population of only 1,870, FCI Elkton currently has 276 COVID-19 positive inmates and 586 who have already recovered from the virus – the second highest number of cases in the nation. *COVID-19,* FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Jul. 1, 2020).

Due to the severity of Tubbs-Smith's health issues and the scale of FCI Elkton's virus outbreak, the Government does not dispute that his health issues are

extraordinary and compelling reasons for his release. Therefore, extraordinary and compelling reasons exist for Tubbs-Smith's immediate compassionate release.

2. Danger to the Community

The Government, however, does argue that Tubbs-Smith is a danger to the community. Federal Sentencing Guideline 1B1.13 provides for compassionate release only when "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Although Petitioner has maintained a clear disciplinary history in prison and participated in several programs (ECF No. 63-3 & 63-4), the Government argues that his history of supervised release violations and the fact that he has served less than one year of his ten-year sentence should restrict the Court from ordering his release.

While the Court acknowledges the merits of the Government's arguments, it is persuaded to issue Petitioner's release because of his impending 3-20 year stay in MDOC custody and his ultimate reentry plan. Upon his release, Petitioner plans to live with his fiancé and her parents in a community separate from his prior criminal influences. His fiancé, an Early Childhood Specialist, along with her Stepfather, have offered Tubbs-Smith a supportive home environment and a job in the family's construction company. The Federal Defender's Office has also expressed willingness to help connect Tubbs-Smith with rehabilitative community resources such as substances abuse treatment and job training. Although, Tubbs-Smith has not

been afforded the time to demonstrate his rehabilitation from his past crimes, the Court holds that additional years spent in MDOC custody will ensure that he is a minimum recidivism risk and will be able to take advantage of the resources and support he will be given upon release.

3. Section 3553(a) Factors

A district court contemplating a motion for compassionate release must consider the § 3553(a) sentencing factors. Those are as follows:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for--
> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

18 U.S.C.A. § 3553.

The Court's consideration of these factors is explicated both in this opinion's analysis of U.S.S.G. 1B1.13 and on the record of the June 29, 2020 hearing. Tubbs-Smith's crimes were serious, but any potential danger to the community is mitigated

by his additional term in state prison. Finally, the potential danger of Tubbs-Smith's medical conditions outweighs any marginal benefit he would receive from finishing his remaining time in BOP prison. Compassionate release is therefore in line with the § 3553(a) factors.

## CONCLUSION

**IT IS ORDERED** that Petitioner's Motion for Release from Custody [57] is **GRANTED**.

**IT IS FURTHER ORDERED** that Tubbs-Smith be **RELEASED into MDOC custody by Tuesday, July 7, 2020**, following the fulfillment of MDOC's COVID-19 testing requirements.

**IT IS FURTHER ORDERED** that MDOC give Tubbs-Smith credit for his time served in BOP custody.

**IT IS FURTHER ORDERED** that upon his release from MDOC custody, Tubbs-Smith will begin his 8-year term of **SUPERVISED RELEASE**, as outlined by the May 10, 2019 Judgment (ECF No. 46).

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: July 2, 2020          Senior United States District Judge